US v. Lujan                                    CR-92-091-M    02/15/01
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


United States of America,
        Plaintiff

        v.                                    Criminal No. 92-91-1-M
                                              Opinion No. 2001 DNH 033
Albert Lujan,
        Defendant


                            **O R D E R**


        Defendant moves to dismiss the superseding indictment, or

suppress any evidence derived from statements he made to federal

authorities in the Eastern District of Michigan pursuant to a

limited grant of immunity.  His grounds, generally, are that the

indictment and evidence to be presented in support of its

charges, are derived from immunized statements previously given

to the government.  The government does not dispute that

defendant entered into a limited immunity agreement with the

United States Attorney for the Eastern District of Michigan, or

that pursuant to that agreement he made statements that might

relate to his pending federal prosecution in this district.

Because the Fifth Amendment prohibits "the use of [immunized] testimony as well as evidence derived directly or indirectly therefrom," from being used against him, the government bears the burden of showing that the evidence it proposes to introduce at trial was not derived from defendant's immunized statements. See Kastigar v. United States, 406 U.S. 441, 453 (1972). The burden is a heavy one, and "is not limited to a negation of taint; rather, it imposes on the prosecution the affirmative duty to prove that the evidence it proposes to use is derived from a legitimate source wholly independent of the compelled testimony." Id. at 460.

This case is somewhat straightforward, posing few of the thorny issues that could arise in a defendant's prosecution following his immunized debriefing. Here, the government represents that none of the evidence it will offer is derived, directly or indirectly, from defendant's immunized statements, and could not be, because all of its evidence was developed during a discrete, locally directed, investigation that was complete (for all practical purposes) before defendant executed his immunity agreement in Michigan.

Moreover, the government says that as soon as it learned of the immunity agreement with Michigan (dated September 30, 1992) it put strict administrative procedures in place in this district that precluded any possibility of taint. Prosecutors and investigators from this district refused to have any contact with Michigan authorities regarding defendant's statements or the substance of Michigan's ongoing investigation, absent a <u>Kastigar</u> waiver by defendant. For some six years defendant refused to waive his rights under <u>Kastigar</u>. (Defendant was a fugitive, but apparently was nevertheless in regular contact with Michigan authorities.) Since no waiver was executed, the prosecutors and investigators of this district bided their time, did not discuss the substance of defendant's cooperation, or the results of that cooperation, with Michigan authorities or anyone else, and developed no substantive evidence or other information relative to the charges in the pending superseding indictment after the immunity agreement was executed. They merely awaited defendant's apprehension and then proceeded with the case.

Finally, the government points out that defendant eventually did agree to waive his <u>Kastigar</u> rights (after he was arrested).

Sometime between June 19 and July 6, 1998, defendant and his legal counsel executed a written document entitled "Waiver of Kastigar Claims." (The document is not dated but was drafted on June 19, given to defense counsel, and returned to the government, signed, by letter dated July 6, 1998.)[1] The written waiver is not ambiguous and flatly provides that:

> . . . the defendant, Albert Lujan, hereby authorizes and requests that the investigators and prosecutors in New Hampshire seek out and obtain any and all information concerning Mr. Lujan in the possession of authorities in the Eastern District of Michigan, or which was generated in the course of or because of the Agreement Not to Prosecute. The defendant hereby waives any and all rights, protections or claims which he may have concerning the sharing of this information, and expressly relinquishes any claim he might have had for relief under the doctrine of Kastigar v. United States and its progeny. Accordingly, the District of New Hampshire may make free use of any and all derivative evidentiary leads obtained from or pursuant to the Agreement Not to Prosecute.

It would be difficult to imagine a waiver with broader reach. The objective manifestation of intent is plain in any event - and no reasonable person could misunderstand the effect of its

---

[1] There is no dispute that defendant executed the written waiver.

4

provisions or intent - defendant affirmatively induced the prosecutors to obtain and review all information relative to his cooperation in Michigan in an effort to persuade them that some degree of leniency should be afforded him in this case. Defendant removed the firm obstacle to that type of review (the prosecutors' unwillingness to risk a Kastigar problem) by affirmatively and voluntarily waiving any and all Kastigar claims or issues, and he did so with and upon the advice of legal counsel. His suggestion that Kastigar issues were only intended to be waived on a condition subsequent - i.e. only if a plea agreement was later reached is not plausible or credible.

So, the defendant's motion to dismiss or suppress is necessarily denied on two independent grounds. First, the government has proved that the evidence it will introduce at trial was not derived either directly or indirectly from immunized statements made by defendant to Michigan authorities, because it was developed from legitimate and wholly independent sources, before defendant even entered into an immunity agreement, and well before any prosecutor or investigator in this district was aware of defendant's statements to Michigan

5

authorities.  Secondly, defendant affirmatively waived any and all Kastigar issues.  Finally, and perhaps parenthetically, there are no Kastigar issues to waive - the subsequent review of information from Michigan by prosecutors in this district was both limited (though it did not have to be) and did not provide any additional evidence against defendant that will be offered at trial - the government will not introduce any evidence it had not already developed or already knew about at the time of defendant's indictment.  See United States v. Serrano, 870 F.2d 1, 17 (1st Cir. 1989)(prosecution not foreclosed by the government's mere exposure to immunized testimony that might have tangentially influenced prosecutor's thought processes in preparing for trial)(citations omitted).

Defendant points to no specific evidence he anticipates will be offered at trial that was derived, directly or indirectly, from his immunized statements, and the prosecution insists that all of its proposed evidence was necessarily derived independently, given the temporal context.  However, if, during the course of trial, defendant can articulate a Kastigar objection to specific evidence, the court will consider the

6

matter anew, requiring the government to establish the requisite independent source (counsel may, of course, need to address the waiver's effect as well).

## <u>Conclusion</u>

Defendant's motion to dismiss the superseding indictment, or suppress evidence (document no. 63), is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

February 15, 2001

cc:  Terry L. Ollila, Esq.
     Bruce E. Kenna, Esq.
     Joseph J. Balliro, Sr., Esq.
     U.S. Marshal
     U.S. Probation